**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DONALD HUDGINS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:06-cv-1528-LJM-TAB |
| ) | |
| HARLEY G. LAPPIN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

This is a suit in which the plaintiff, a federal prisoner, seeks compensatory and punitive damages and injunctive relief relating to a wide spectrum of conditions at the prison where he is confined. He has named as defendants the Director of the Federal Bureau of Prisons ("Director" and "BOP"), the United States Attorney General, and a host of other officials employed by the BOP. The Director has appeared in the action and seeks resolution of it through the entry of summary judgment based on the argument that the plaintiff failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA") prior to filing the action.

Whereupon the court, having considered the pleadings and the motion for summary judgment, as well as the evidentiary record, and being duly advised, finds that the motion for summary judgment (dkt. 19) must be **granted.** This conclusion is based on the following facts and circumstances:

1.      The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

2.      "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

   a.      Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). The methodology for acting on a motion for summary judgment has been set forth in the following terms:

   > The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); id. at 325, 106 S. Ct. at 2554 ("the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case").  Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial.  *Id.* at 324, 106 S. Ct. at 2553.  The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

   *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).

   b.      "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."*Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

   c. The plaintiff failed to respond to the Director's motion for summary judgment. Accordingly, the factual assertions on which the motion for summary judgment is based which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). By not responding to the motion for summary judgment, the plaintiff has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

   3. Construed in a manner reasonably most favorable to the plaintiff as the non-moving party, the evidence here shows the following:

   (1) The BOP has adopted a multi-step grievance procedure for inmates seeking to present complaints about their treatment or the conditions of their confinement;

   (2) The plaintiff's claims in this action are based on treatment that was within the scope of the prison's grievance procedure;

   (3) The multi-step grievance procedure was established through written instructions, the use of forms and the availability of steps to appeal an inmate's dissatisfaction with the resolution or response to his grievance and a previous level;

   (4) The plaintiff had access to information concerning this procedure and the forms necessary to make it function;

   (5) The plaintiff filed only one administrative grievance relating to the claims in this lawsuit. He did so on October 14, 2006, four (4) days before the lawsuit was filed. The administrative claim he filed was not responded to until after the lawsuit was filed. The administrative claim he filed was responded to on November 9, 2006. The plaintiff filed no appeal with respect to this response.

   4. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Grievances filed or completed after the lawsuit was filed cannot be used to show exhaustion of administrative remedies prior to the filing of the case. *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted).

5.  The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The motion for summary judgment (dkt. 19) is **granted,** and judgment consistent with this Entry shall now issue.[1]

**IT IS SO ORDERED.**

Date: 03/12/2008

*(signature)*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Director's motion for summary judgment understood as asserting a defense applicable to each of the defendants. *Acequia, Inc. v. Prudential Ins. Co. of Am.,* 226 F.3d 798, 807 (7th Cir. 2000)("[W]here one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant summary judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition.").